## JAMES W. STEVENS *vs.* JAMES F. CLARK.

*Construction of an Agreement for Dissolution of Partnership.*

C. and S., partners, who were the lessees of a warehouse, filed a
bill against the landlord claiming to be reimbursed for the
expenses paid by them in taking down and rebuilding a part
of the premises which had been condemned by the Inspector
of Buildings. At the time of the rebuilding the partners
erected certain fire shutters. Pending the decision of this
case, the partnership was dissolved under an agreement by
which C. paid to S. a sum of money for all his interest in the
property of the firm, and S. assigned to C. his interest in the
leased premises. It was agreed that all liability of the firm
to the landlord under the pending case should be equally
shared, and that all claims that might be recovered by the
firm from him should be equally divided. It was finally de-
cided in that case that the landlord was liable for all the ex-
penses paid by the firm in rebuilding the warehouse except
the cost of the fire shutters, which had been supplied with a
view to the insurance on the property. *Held,* that S. had
transferred all his interest in the fire shutters to C. under the
agreement for dissolution, and now has no right to demand
that C. should pay one-half of the cost thereof.

*Decided March 2nd, 1910.*

Appeal from the Circuit Court of Baltimore City (HEUIS-
LER, J.).

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and
URNER, JJ.

*Frederick W. Story,* for the appellant.

*Charles W. Field,* for the appellee.

BURKE, J., delivered the opinion of the Court.

It appears from the record that the parties to this suit prior to the 30th day of September, 1905, were engaged in business as partners in the city of Baltimore under the firm name of Clarke & Stevens, and on that date they entered into an agreement by which the partnership existing between them was dissolved and terminated as of the 20th day of September, 1905. It was agreed that Clarke should retain as his own property all the stock in trade, merchandise, book accounts, bills receivable and all other assets of the firm of every kind and description, including the lease then held by the firm upon the property No. 5 West Lexington street from Elizabeth V. Gerke and others; that he should assume and pay at maturity all debts and liabilities of the firm of every kind and description, including the rent then due or thereafter to become due under the lease, and and all liabilities under the lease that might ever thereafter accrue against Clarke & Stevens. Clarke agreed to pay to Stevens in full settlement of his interest in the firm the sum of six thousand seven hundred and fifty dollars. By the fifth clause of the agreement it was provided as follows: "It is, however, expressly agreed that all liability of said firm to Elizabeth V. Gerke *et al.,* if any, under the cause now pending in the Circuit Court of Baltimore City, shall be equally shared, including the expenses of said cause, by said Clarke & Stevens; and on the other hand, all profits or claim that may accrue to, or be recovered by said Clarke & Stevens against said Elizabeth V. Gerke *et al.,* under said cause, shall be equally divided between said Clarke & Stevens, to as full an extent as if they had remained co-partners; anything in this agreement to the contrary notwithstanding." It was further agreed that Stevens should assign to Clarke all his right, title and interest in the lease of the warehouse then occupied by the firm, and also all his right, title and interest in any unexpired policies of fire insurance on the stock and fixtures of the firm.

On the same day James W. Stevens executed and delivered
to Clarke the deed provided for in the agreement. This deed
recited that Stevens "does hereby grant, assign and convey
unto the said James F. Clarke all his, said grantor's right,
title and interest in and to the lot of ground and premises
No. 5 West Lexington street, heretofore leased by Elizabeth
V. Gerke *et al.* to said James W. Stevens and James F.
Clarke, co-partners, trading as Clarke & Stevens, by lease
dated October 31st, 1903, and recorded among the Land
Records of Baltimore City, in Liber R. O. No. 2045, folio
97; and all right, title and interest that said Stevens now has,
or hereafter may have in said lease or property or premises
or policies of insurance covered thereby."

On the day the deed was made the parties entered into
the following agreement, which was filed in a case of James
F. Clarke and James W. Stevens, co-partners, trading as
*Clarke & Stevens* v. *Elizabeth V. Gerke et al.,* then pending
in the Circuit Court of Baltimore City: "The plaintiff,
James W. Stevens, having this day assigned and conveyed to
the plaintiff, James F. Clarke, the lease mentioned in these
proceedings and all interest therein by deed recorded or in-
tended to be recorded simultaneously herewith; it is hereby
agreed between the plaintiffs respectively, in consideration of
said assignment notwithstanding said assignment, that the
interest of said plaintiffs, and the interest and obligations of
said plaintiffs respectively in the matters, rights and obliga-
tions at issue in this cause shall remain unaffected by said
assignment until this cause shall be terminated."

An appeal to this Court was taken by the plaintiffs from
the order of the Circuit Court of Baltimore City ratifying
an auditor's account filed in the case of *Clarke & Stevens* v.
*Gerke et al.,* above referred to. The order from which that ap-
peal was taken was dated the 1st day of March, 1906, and the
case was decided by this Court on December 19th, 1906.
It, therefore, appears that at the time the agreement and
deed referred to were concluded neither this Court, nor the
Court below had passed upon the issues involved in that case.

After the case had been decided by this Court (*Clarke & Stevens* v. *Gerke,* 104 Md. 504), in obedience to the mandate of this Court the lower Court entered a decree against the defendants in favor of the plaintiffs for the sum of five thousand eight hundred and seventy-four dollars with interest from the date of the decree. It also decreed that the defendants pay to the plaintiffs all the costs of the suit incurred in that and in this Court upon the appeal. The defendants paid the amount specified in the decree, and also paid the costs, and these amounts were equally divided between Clarke & Stevens as provided in the agreement. Afterwards, on November 19th, 1908, James W. Stevens filed a petition in the case of *Clarke & Stevens* v. *Gerke et al.,* asking that the papers in the cause be referred to the Auditor to state an account between him and Clarke in accordance with the terms of the agreement filed in the cause on the 30th day of September, 1905. The papers were referred as prayed, and testimony was taken by the Auditor upon the subject-matter of the petition which related to a liability asserted by Stevens against Clarke for one-half of the costs of fire shutters which had been placed by the firm of Clarke & Stevens upon the leased premises No. 5 West Lexington street, the total cost of these shutters to the firm being seven hundred and sixty-one dollars and seventy-five cents. The Auditor's report and account denied and rejected this claim. The appellant filed exceptions to the account, but the Court on the 23rd of March, 1909, overruled the exceptions, and finally ratified and confirmed the report and account, and from this order James W. Stevens has prosecuted this appeal.

It thus appears, from the facts stated, that the determination of the question presented by this record depends upon the proper interpretation of the two agreements heretofore mentioned. Do they, or either of them impose upon Clarke an obligation to pay to Stevens one-half of the cost incurred by the firm of Clarke & Stevens in placing them upon the leased premises? If he is not liable under the agreements, it is conceded that the decree appealed against must be af-

firmed, as it is under those agreements alone that the appel-
lee seeks to fasten liability upon him. It is not pretended
that he can be held liable on any other ground. In *Milske*
v. *The Steiner Mantel Company,* 103 Md. 235, we said: "It
is needless to quote authorities to show that in the construc-
tion of a contract the intention of the parties as it appears
from the whole agreement must be ascertained and given its
full effect. The rule of construction was stated, with great
clearness, in *Nash* v. *Towne,* 5 Wallace, 699, as follows:
"Courts, in the construction of contracts, look to the language
employed, the subject matter and the surrounding circum-
stances. They are never shut out from the same light which
the parties enjoyed when the contract was executed, and, in
that view, they are entitled to place themselves in the same
situation as the parties who made the contract, so as to view
the circumstances as they viewed them, and so to judge of
the meaning of the words and of the correct application of
the language to the things described."

We will now look to the circumstances under which these
agreements were made, as they will, we think, make clear
their meaning and effect. On the 31st of October, 1903,
Elizabeth V. Gerke *et al.* leased to James W. Stevens and
James F. Clarke, co-partners, trading as Clarke & Stevens
the lot of ground and premises known as No. 5 West Lexing-
ton street in the city of Baltimore for a period of ten years,
with the privilege of the extension of the term of the lease
for a further period of four years, at the yearly rent of six
thousand dollars. Among the stipulations of the lease was
one which imposed upon the lessees the duty of making cer-
tain repairs and alterations in the building. The nature and
character of these repairs and alterations were specifically
described in specifications accompanying the lease; but under
the terms of the lease there was no obligation imposed upon
the lessees to make repairs to the side walls of the building.
Before the beginning of the term provided for in the lease,
the Inspector of Buildings of Baltimore City condemned
the walls of the building as unsafe, and directed that they

be made secure or removed. A question arose between the landlords and the tenants as to whose duty it was to rebuild or repair the dangerous walls. Each claimed it to be the duty of the other. The lessees filed a bill in equity to enforce the lease and asking that the lessors be required to pay the cost of rebuilding the defective walls. On the 18th of April, 1904, after the defendants had answered the bill, an agreement was filed in which it was agreed by all the parties that the lessees should enter upon the premises without the hindrance of any of the parties to the cause and without prejudice to the rights of any of the parties thereto; that the lessees on their part and the lessors on their part should keep memoranda of their several claims under the agreement and lease and account with each other, and in case of a disagreement betweeen them as to any account, or the rendering or settlement thereof, each party might apply to the Court in the cause to state a proper account thereof in due course. Upon the bill and exhibits, answer and agreement the Circuit Court for Baltimore City on the 18th of April, 1904, passed an order assuming jurisdiction of the case and retaining the bill for the purpose of carrying out the agreement, and authorized and directed the lessee to take possession of the premises No. 5 West Lexington street under the terms of the agreement filed in the cause.

On the 1st of February, 1905, the lessees filed a petition in the cause in which, among other things, they claimed an allowance for the expenses incurred by them in tearing down, rebuilding and restoring the part of the leased premises which the inspector of buildings had condemned. These expenses amounted to six thousand seven hundred and fifty dollars and forty-six cents, and included the item of seven hundred and sixty-one dollars and seventy-five cents for fire shutters in question in this case. The lower Court decided that the lessors were not liable for these expenses; but this Court upon the appeal held they were liable for the whole amount claimed, except for the item of fire shutters. This item was refused because the testimony showed that these shutters

"were not required by the building regulations; but, as expressed in the testimony, were supplied as "a matter of insurance."

Judge Jones in *Clarke & Stevens* v. *Gerke et al., supra,* said, that at the time the decree appealed from in that case was passed "the only question the Court was called upon to decide was whether the obligation to assume the cost of and payment for the removal and rebuilding of that portion of the building on the leased premises which was condemned and ordered removed by the inspector of buildings devolved upon the appellants or the appellees."

It was while this question was pending in the lower Court, and while the result of the litigation was involved in doubt and uncertainty that the partnership was dissolved, and Clarke in consideration of six thousand seven hundred and fifty dollars paid to Stevens acquired all his interest of every kind in the partnership property, including all his interest in the lease upon the Lexington street premises; subject, however, to the two limitations or conditions specified in clause five of the agreement of dissolution. These were first, that Clarke & Stevens should be equally responsible for any claim which might be recovered by Elizabeth V. Gerke *et al.* against them; second, that they should divide whatever sum might be recovered in that suit against Elizabeth V. Gerke *et al.* No claim was established against the firm in that suit, as this Court held that the fire shutters were placed upon the building not in consequence of the condemnation of the building, but voluntarily by the partners "as a matter of insurance." Therefore, the appellee is not liable under the agreement to the appellant for the claim he seeks to recover, because the contingency upon which such a liability depended never happened. The amount recovered by the partners against the appellees in that suit has been equally divided between the partners as provided for in the agreement. It, therefore, seems to be clear that whatever interest the appellant had, as a member of the firm of Clarke & Stevens, in these fire shutters he sold and transferred to Clarke under the

agreement and by the deed of September 30, 1905. There is nothing in the paper filed in the case of *Clarke & Stevens* v. *Gerke, supra,* entitled "plaintiff's agreement" and which appears also in this record, and which we have transcribed in an earlier part of this opinion, in conflict with the agreement of dissolution. It was not intended by the parties to alter or vary that agreement, and it is, therefore, in harmony with the construction which we have placed upon the fifth clause of the agreement for the dissolution of the partnership. It follows that the order appealed from must be affirmed.

*Order affirmed, with costs.*