# LAURA L. MYERS v. EDWARD CARROLL MYERS.

*Construction of Contract—Between Husband and Wife—For Payment of Judgment.*

In ascertaining the intention of the parties to a contract, the courts look to the language employed, the subject-matter of the agreement, and the circumstances surrounding its execution.

p. 48

An agreement between husband and wife, pending a suit by the latter for a limited divorce, for a sale of property owned by them as tenants by the entireties, and for the payment from the proceeds of sale of any judgment that might be recovered in a pending action against them for a sum alleged to be due to the husband's parents, *held* not to cover a judgment by default against the husband in such action, which the wife successfully resisted.

pp. 48-50

*Decided April 8th, 1927.*

Appeal from the Circuit Court for Baltimore County, In Equity (PRESTON, J.).

Bill by Laura L. Myers against Edward Carroll Myers. From an order ratifying an auditor's account distributing the proceeds of a receiver's sale of certain property, plaintiff appeals. Reversed.

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Gwynn Nelson,* for the appellant.

*Harry W. Nice, Edwin T. Dickerson,* and *Max Sokol,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

The appellant Laura L. Myers was, on the 21st day of April, 1921, married to the appellee, Edward Carroll Myers, and, on the sixth day of December, 1925, they separated.

On December 14th, 1925, Laura L. Myers filed her bill in equity, in the Circuit Court for Baltimore County, asking for a decree of divorce *a mensa et thoro*. At the time of filing her bill she and her husband were seised and possessed as tenants by the entireties of an "improved lot of ground" near Reisterstown, Maryland.

On March 16th, 1926, while the divorce suit was pending, the appellant filed her bill in said court against Edward Carroll Myers, her husband, George E. Duker, and Mary E. Duker, in which it was alleged that the co-defendants of Edward Carroll Myers held a mortgage on said property which was at that time overdue, and she asked that the mortgagees be enjoined from foreclosing the mortgage. She also asked that the real estate described in said mortgage be sold by trustees to be appointed by the court, and that the proceeds from said sale be first applied to the payment of the mortgage indebtedness and the costs of the sale, and the balance thereof be invested by the trustees, one-half the income therefrom to be paid each to the said Edward Carroll Myers and Laura L. Myers during their lives, and that the corpus be paid to the survivor of them.

On May 5th, 1926, when demurrers filed to the bill were withdrawn and answers filed thereto, it was agreed by Edward C. Myers and wife that said real estate should be sold and that Gwynn Nelson and Edwin T. Dickerson, counsel for the appellant and appellee respectively, be appointed to sell the same. It was also agreed that the proceeds of the sale of said property should be distributed as follows: (1) To the payment of the mortgage debt and interest and costs of sale. (2) To the payment of the costs in the two above mentioned cases. (3) To the payment of one hundred and ninety dollars to Edward Carroll Myers for the "settlement of the furnace and plumbing bills on said real estate." (4) "To the payment on any judgment that may be recovered in

the case now pending on the law side of this court against the parties to this cause for the recovery of the sum of $585, alleged to be due to the parents of the defendant," Edward Carroll Myers. "Lastly, the net proceeds of the sale, after the payment of the above items and of all liens against said property, should be equally divided between the parties Laura L. Myers and Edward Carroll Myers. "It was further agreed that the appellee should deliver to the appellant twenty-four promissory notes of even date with said agreement, each for the sum of $31.25, payable consecutively one month apart, without interest, she agreeing to accept the above provisions in lieu of all alimony, court costs, counsel fees, maintenance or support thereafter, and that should she thereafter file a suit against the defendant for either an absolute or partial divorce, she would make no claim therein against the defendant for any counsel fee, court costs, or alimony of any description.

In pursuance of said agreement, the court appointed Gwynn Nelson and Edwin T. Dickerson receivers, to sell said real estate, and, on the 30th day of May, 1926, they sold the same to J. Edward Myers, father of Edward Carroll Myers, for the sum of $6,800. The purchaser had prior thereto, on January 29th, 1926, instituted suit in the Circuit Court for Baltimore County against Edward Carroll Myers and Laura L. Myers to recover the amount mentioned in the aforegoing agreement, which he claimed was owing to him by them. Both defendants in that suit were summoned. Laura L. Myers filed her pleas, which were thereafter withdrawn, and on May 27th, 1926, a demurrer filed by her to the declaration was sustained. On the same day a judgment by default was entered against Edward Carroll Myers, who had failed to plead to the declaration. As stated in the stipulation or agreed statement of facts filed in this case, pleas were on the same day refiled on behalf of the said Laura L. Myers, and the case against her was heard by the court without the aid of a jury, and a judgment of *non pros.* and judgment for costs was entered by the court in favor of Laura L. Myers.

On June 17th, 1926, an audit distributing the proceeds

of the sale of the property was filed. As shown by the auditor's account, the receivers, at the request of the solicitor for Edward Carroll Myers, retained the sum of $650 "to meet a pending claim of the parents of Edward Carroll Myers, as per agreement." To the ratification of this audit, exceptions were filed by Laura L. Myers, because, as stated therein, there was "no agreement existing between the plaintiff and defendant that the sum of $650 be retained to meet a pending claim of the parents of Edward Carroll Myers." The learned chancellor, after hearing testimony in support of and in opposition to the exceptions, passed an order overruling said exceptions and finally ratifying and confirming the auditor's account as stated. It is from that order that the appeal in this case was taken.

It was also agreed between the parties that the clerk should incorporate in the record a copy of the docket entries in the case of J. Edward Myers against Edward Carroll Myers and Laura L. Myers, which was done. These entries are in accord with the facts as we have stated them.

Whether the court erred in passing the order appealed from, finally ratifying and confirming the auditor's account, allowing the receivers to retain $650 to pay the alleged claim of J. Edward Myers, depends upon the proper construction of the clause of the agreement between Edward Carroll Myers and his wife, in which it was agreed that the receivers, after making certain other payments, should pay out of the proceeds of the sale of said property "any judgment that may be recovered in the case now pending on the law side of this court against the parties to this cause for the recovery of $585 alleged to be due to the parents of the defendant", Edward Carroll Myers.

It is contended by the appellant that after J. Edward Myers failed to obtain a judgment against her in the suit instituted by him against both herself and husband, and after entry of judgment against him for her costs, he was not entitled to be paid from said proceeds of sale, of which she was entitled to one half after the payment of the items therein named, the claim upon which he had sued and had failed to

recover against her, notwithstanding the fact that he recovered therein judgment by default against the other defendant, Edward Carroll Myers. On the other hand the appellee contends that J. Edward Myers, plaintiff in said suit, was not required under said agreement to recover judgment against both defendants to entitle him to have his claim paid out of said proceeds of sale, and that recovery against Edward Carroll Myers alone was sufficient.

In the construction of a contract or agreement the intention of the parties as it appears from the whole agreement must be ascertained and given its full effect. *Milske v. Steiner Mantel Co.,* 103 Md. 236. And in ascertaining the intention of the parties, courts look to the language employed, the subject-matter of the agreement, and the circumstances surrounding its execution. They are never shut out from the same light that the parties enjoyed when the contract was executed, and, in that view, they are entitled to place themselves in the same situation as the parties who made the contract, so as to judge of and ascertain the meaning of the language employed. *Nash v. Towne,* 5 Wall. (U. S.) 699; *Stevens v. Clark,* 112 Md. 663. With this rule of construction in mind, we will, in this case, look to the subject-matter of the agreement, the circumstances under which it was made, and the language employed therein, that we may ascertain the true meaning and intention of the parties.

The agreement was made to effect a settlement between the husband and wife, who had separated. The wife had not only instituted a suit for divorce *a mensa et thoro,* but had also filed a bill for the sale of certain property held and owned by them as tenants by the entireties. Under these circumstances, we may assume that the relations existing between them were much strained, and neither was disposed to be generous to the other.

Upon the property so owned by the parties hereto, as tenants by the entireties, was a mortgage, at that time overdue, and we may infer from the terms of the agreement that it

was executed by both husband and wife. This mortgage was a lien upon the property, and the mortgagors agreed that it should be paid out of the proceeds of sale. It was further provided by the agreement that the amount expended or to be expended by the husband in "settlement of the furnace and plumbing bills" on said real estate should be paid out of said fund, inasmuch as it went into the construction of the improvements and thereby increased the value of the property to be sold. As to the claim of J. Edward Myers, the character of which is not disclosed by the record, its payment out of said proceeds of sale was made conditional upon his recovery of a judgment in the case then pending, instituted by him against the husband and wife. It is shown from the record that the wife did not admit the correctness of his claim, or that she was in any way liable therefor, but successfully resisted its payment and recovered judgment against the plaintiff for her costs. The husband, who was evidently interested in the success of his father in the recovery of a judgment, unlike his wife, made no defense to his father's claim, but allowed judgment by default to go against him, and now contends that such judgment, so obtained, is a judgment within the meaning and intention of the parties hereto, who agreed that the claim of the father should be paid out of the proceeds of the sale of the property if "any judgment" was recovered by him in the suit instituted by him against the husband and wife.

It was not, we think, the intention of the parties to said agreement, or at least not the intention of the wife, that the claim of J. Edward Myers was to be paid out of said fund, of which one-half belonged to her, if he failed to recover a judgment against her, although he should recover against her husband after a *bona fide* resistance of such claim by him. It was certainly not her intention that a judgment obtained against her husband by default, savoring of collusion with his father in its obtention, should be paid out of said proceeds of sale. It was not such a judgment as was contemplated by her when she agreed that the plaintiff, upon

recovery by him of any judgment in the case against herself and husband, should be paid his claim out of said fund. That such was not her intention may be inferred from the language employed, when considered in connection with the subject-matter of the agreement, and the facts surrounding its execution.

The evidence referred to in the agreed statement of facts, which was heard by the court upon the exceptions filed, and which was not in the record when it reached this court, but subsequently furnished us by the consent of the parties, has no bearing or relation to this ground of the exceptions.

The order appealed from will therefore be reversed.

> *Order reversed, and cause remanded for further proceedings, the appellee to pay the the costs.*